**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDERSON DESIGN GROUP, INC., | Case No.: 1:25-cv-11830 |
| Plaintiff, | Judge Charles P. Kocoras |
| v. | Magistrate Judge Keri L. Holleb Hotaling |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**DECLARATION OF KEITH A. VOGT IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDERSON DESIGN GROUP, INC., | Case No.: 1:25-cv-11830 |
| Plaintiff, | Judge Charles P. Kocoras |
| v. | Magistrate Judge Keri L. Holleb Hotaling |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

## DECLARATION OF KEITH A. VOGT

I, KEITH A. VOGT, declare as follows:

1. I am an attorney admitted to practice before this Court and am the principal of the Law Offices of Keith Vogt, counsel of record for Plaintiff Anderson Design Group, Inc. ("Plaintiff") in this action. I submit this Declaration in support of Plaintiff's Motion for Entry of Consent Judgment. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently to them.

2. This Declaration concerns the three Defendants that remain in this action and that are the subject of Plaintiff's Motion for Entry of Consent Judgment: Defendant No. 115 (YCJ Decorative paintings and posters, Temu Account ID 634418220525540), 175 (wonderful poster, Temu Account ID 634418216375121), 176 (Beautiful life in dream, Temu Account ID 634418217947589), and 177 (A one poster, Temu Account ID 634418220441342) (collectively, the "Settling Defendants").

3. The Settling Defendants are the only Defendants that remain in this case. On November 21, 2025, the Court entered a Default Judgment Order against the defaulting defendants

[52], and on May 26, 2026, a Final Default Judgment Order against certain defendants. *See* [81]. The Settling Defendants are therefore the sole Defendants against whom relief is now sought. *See* [82].

4.  Each of the Settling Defendants entered into a written settlement agreement with Plaintiff that resolves Plaintiff's claims against it (the "Settlement Agreement"). The Settlement Agreement is confidential by its terms. Should the Court wish to review it, Plaintiff requests leave to file it under seal.

5.  In the Settlement Agreement, each Settling Defendant expressly consented to the personal jurisdiction and venue of the Court in which this action is pending — the United States District Court for the Northern District of Illinois — and agreed not to contest that jurisdiction.

6.  Each Settling Defendant, acting through a representative with authority to bind it, thereby knowingly and voluntarily consented to this Court's exercise of personal jurisdiction over it and waived any objection or challenge to personal jurisdiction and venue in this Court.

7.  Accordingly, this Court has personal jurisdiction over each of the Settling Defendants based on that Defendant's express consent, independent of any contacts the Defendants may have with Illinois through their online marketplace activity. A proposed order reflecting the Settling Defendants' consent to the jurisdiction of this Court is attached as **Exhibit A** and has been submitted concurrently with this motion and declaration to the Court's proposed order inbox at Proposed_Order_Kocoras@ilnd.uscourts.gov.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 12, 2026.

/s/ Keith A. Vogt
Keith A. Vogt

*Attorney for Plaintiff*

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANDERSON DESIGN GROUP, INC.,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No.: 1:25-cv-11830

Judge Charles P. Kocoras

Magistrate Judge Keri L. Holleb Hotaling

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff ANDERSON DESIGN GROUP, INC. ("Plaintiff") against the following Defendants ("Defendants") (collectively, the "Parties") identified on Schedule A to the Complaint, Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint:

| No. | Defendant Name | Account ID |
|-----|----------------|------------|
| 115 | YCJ Decorative paintings and posters | 634418220525540 |
| 175 | wonderful poster | 634418216375121 |
| 176 | Beautiful life in dream | 634418217947589 |
| 177 | A one poster | 634418220441342 |

THIS COURT HEREBY FINDS that each Defendant expressly consented to the personal jurisdiction and venue of this Court by written agreement. *See* Declaration of Keith A. Vogt. By consenting to the jurisdiction of this Court under the settlement agreement, each Defendant has waived any challenge to the exercise of personal jurisdiction over it.

THIS COURT FURTHER FINDS that Defendants are liable for copyright infringement (17 U.S.C §§ 106 and 501, *et seq.*).

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be permanently enjoined and restrained from

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Anderson Design Group Works in any manner without the express authorization of Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Anderson Design Group product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Anderson Design Group Works;

   c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Anderson Design Group Works are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Anderson Design Group Works and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Anderson Design Group Works.

2. Pursuant to the Parties' settlement agreement, Defendants shall pay Plaintiff three thousand dollars ($3,000) in damages (the "Damage Amount").

3. Temu LLC ("Temu") is ordered to transfer the Damage Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendant's failure to comply, in any way, with its obligations set forth herein.

IT IS SO ORDERED.

DATED: _____, 2026

_____
Charles P. Kocoras
United States District Judge

3