# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANDERSON DESIGN GROUP, INC.,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:25-cv-11830

Judge Charles P. Kocoras

Magistrate Judge Keri L. Holleb Hotaling

**CORRECTED CONSENT JUDGMENT**

This action having been commenced by Plaintiff ANDERSON DESIGN GROUP, INC. ("Plaintiff") against the following Defendants ("Defendants") (collectively, the "Parties") identified on Schedule A to the Complaint, Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint:

| No. | Defendant Name | Account ID |
|---|---|---|
| 115 | YCJ Decorative paintings and posters | 634418220525540 |
| 175 | wonderful poster | 634418216375121 |
| 176 | Beautiful life in dream | 634418217947589 |
| 177 | A one poster | 634418220441342 |

THIS COURT HEREBY FINDS that each Defendant expressly consented to the personal jurisdiction and venue of this Court by written agreement. *See* Declaration of Keith A. Vogt. By consenting to the jurisdiction of this Court under the settlement agreement, each Defendant has waived any challenge to the exercise of personal jurisdiction over it.

THIS COURT FURTHER FINDS that Defendants are liable for copyright infringement (17 U.S.C §§ 106 and 501, *et seq*.).

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be permanently enjoined and restrained from

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Anderson Design Group Works in any manner without the express authorization of Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Anderson Design Group product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Anderson Design Group Works;

   c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Anderson Design Group Works are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Anderson Design Group Works and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Anderson Design Group Works.

2. Pursuant to the Parties' settlement agreement, Defendants shall pay Plaintiff three thousand dollars ($3,000) in damages (the "Damage Amount").

3. Whaleco, Inc. d/b/a Temu ("Temu") is ordered to transfer the Damage Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendants' failure to comply, in any way, with its obligations set forth herein.

IT IS SO ORDERED.

DATED: _______________, 2026

_________________________________________

Charles P. Kocoras
United States District Judge